## CHARLES KEITH v. STATE.

No. A-6530. Opinion Filed June 1, 1929.
Rehearing Denied June 22, 1929.
(277 Pac. 1037.)

Joseph Trevathan, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was convicted on an information that charged that defendant did willfully, unlawfully, feloniously, and knowingly, keep and manage a public gambling nuisance, and was sentenced to imprisonment in the state penitentiary for 18 months. Motion for new trial was filed

and overruled and exceptions saved, and defendant has appealed to this court.

The testimony on behalf of the state shows that a search warrant was procured to search the building at 211 North Bickford street, in the city of El Reno, Okla.; that the officers went to the building and served a copy of the search warrant on T. C. Brickel; that the parties started to the second floor of the building, and after they got on the stairway they heard considerable noise, and as they came up to the head of the stairs they met the defendant coming out of a room, and there searched him and found considerable loose money in his pockets, and in the room from which the defendant came they found a table, dice, and a leather cup. A number of witnesses were called in the trial who testified to having been in the place gambling, and that the defendant paid the bets if he won, and collected money, and that defendant was also assisted by a man by the name of Rhodes, who testified as a witness against the defendant. This is, in substance, the testimony of the state. The defendant offered no testimony.

The defendant urges that the court committed several errors in the trial of the case.

First, that the court erred in overruling defendant's demurrer to the information. After an examination of the information, we hold that the information stated facts sufficient to place the defendant upon his trial, and that the demurrer was properly overruled.

Second, the defendant urges that the court erred in overruling the objection of the defendant to the introduction of any testimony under the information. We cannot agree with this contention; the court did not err in the overruling of the objection of the defendant to the introduction of the testimony.

The third assignment urged by the defendant is that the trial court erred in overruling defendant's demurrer to the evidence on behalf of the state, and in overruling defendant's motion to direct a verdict of not guilty, on the ground that the testimony was insufficient to sustain the verdict and judgment. The record discloses that the testimony is sufficient to sustain the judgment.

It is also contended that the county attorney was guilty of misconduct prejudicial to the rights of the defendant, by making statements by innuendo and otherwise of the failure of the defendant to take the witness stand in his own behalf. With this contention we cannot agree. The only statement made by the county attorney was that the testimony of the state was undisputed. It is not shown by the record that the county attorney made any reference whatever to the failure of the defendant to testify. Where a case is tried and the defendant offers no testimony, the county attorney has the right to comment upon the fact that the evidence of the state is not disputed, and in doing so it cannot be said that he is commenting upon the failure of the defendant to take the witness stand.

The defendant further urges that the court improperly received testimony against him, for the reason that defendant's person was searched by the officer without his procuring a search warrant or warrant for his arrest. It has been repeatedly held by this court that the search of the person without a warrant for his arrest or a search warrant was unlawful, and testimony procured thereby inadmissible.

It appears from the record that the search of the defendant only disclosed that he had some loose money in his pockets, and that at the time of the search he was com-

232

ing from the room in which the officers having the search warrant found the gambling paraphernalia; that the only testimony secured by the officer making the search of his person was that he had some money in his pockets, and under terms of the search warrant the officers found in the room, from which the defendant came at the time he was searched, dice, table, and other things used in gambling; and that several witnesses testified on behalf of the state and showed that defendant was engaged in conducting a gambling game in the building, and had been for some time prior to the night of the search.

We do not think the rights of the defendant were prejudiced by the act of the officer in searching the person of the defendant at the time of the searching of the room in which the proof shows gambling was being conducted.

There are other errors assigned by the defendant, but they are without merit. The testimony is amply sufficient to sustain the judgment. The court properly declared the law.

Finding no error in the record prejudicial to the rights of the defendant, the judgment is affirmed.

EDWARDS, P. J., concurring; and CHAPPELL, J., absent, not participating.